UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO A. BRAN,<br><br>Plaintiff,<br><br>v.<br><br>CREAMER TODD, et al.,<br><br>Defendants. | Case No. 18-02157 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 11) |

Plaintiff, a California state prisoner, filed a civil rights complaint in *pro se* pursuant to 42 U.S.C. § 1983.[1] On July 5, 2018, filed a motion requesting appointment of counsel because he is in high risk of deportation due to a wrongful conviction. (Docket No. 11.)

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d

---

[1] This action was reassigned to this Court on May 11, 2018. (Docket No. 7.)

1221, 1236 (9th Cir. 1984). Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

This order terminates Docket No. 11.

**IT IS SO ORDERED.**

Dated: July 24, 2018

BETH LABSON FREEMAN
United States District Judge