UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO A. BRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CREAMER TODD, et al.,<br><br>    Defendants. | Case No. 18-02157 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility in Soledad where he was formerly incarcerated. Plaintiff paid the filing fee.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that on or about December 18, 2017, he complained to Defendants Creamer and Jackson about being sexually harassed by another inmate. (Compl. at 3-1.) Plaintiff claims that he intended the complaint to be confidential, but that he later noticed Defendants sharing the confidential report with another staff. (*Id.* at 3-2.) In the following days, Plaintiff received threats from other inmates and became the object of bullying for several days until he was moved to another yard. (*Id.*) Plaintiff asserts that Defendants shared his sensitive information "with the rest of the staff" and "the rest of the inmate population." (*Id.*) Plaintiff claims that Defendants' failure to protect the sensitive information regarding the complaint of sexual harassment constitutes a violation of the Eighth Amendment because it resulted in a risk to his safety and caused him fear, suffering, and emotional distress. (*Id.*)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,

2

subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a pro se complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

First of all, allegations of verbal harassment and threats by prison guards fail to state a cognizable claim under § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). As such, it is highly unlikely that such non-physical abuse from other inmates would also implicate the Eighth Amendment such that Defendants had a duty to protect Plaintiff from such conduct. Unless Plaintiff can, in good faith, allege that the harassment was coupled with conduct that implicates the Eighth Amendment's proscription against cruel and unusual punishment, he will fail to state a claim.

Plaintiff has also failed to allege sufficient facts showing that Defendants Creamer and Jackson acted with deliberate indifference to satisfy the second subjective element. His allegation that Defendants shared his confidential complaint with other inmates is conclusory without any factual support. There are also no allegations that Defendants knew Plaintiff faced a substantial risk and disregarded it when they failed to safeguard the information, *see Farmer*, 511 U.S. at 837, or even facts sufficient to raise an inference that they knew, *see Hearns*, 413 F.3d at 1041-42. Accordingly, Plaintiff shall be granted leave to amend to attempt to correct these deficiencies to state a claim against Defendants.

Lastly, Plaintiff states that he was subjected to threats and bullying for several days and then moved to another yard in the same facility. He does not allege that he suffered any physical harm before he was moved. "No Federal civil action may be brought by a

3

prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).[1] Here, there is no allegation that Plaintiff was physically injured. Accordingly, his claim for mental and emotional injury is DISMISSED as barred under § 1997e(e).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint **using the court's form complaint** to state sufficient facts to state a failure to protect claim as described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-02157 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

///

---

[1] Section 1997e(e)'s bar on these suits by prisoners is a permissible restriction on prisoners' ability to recover damages under 42 U.S.C. § 1983 and does not violate equal protection or separation of powers doctrine. *See Zehner v. Trigg*, 133 F.3d 459, 461-64 (7th Cir. 1997).

4

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: September 17, 2018

*Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.18\02157Bran_dwlta

5