UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO A. BRAN,<br>    Plaintiff,<br>      v.<br>CREAMER TODD, et al.,<br>    Defendants. | Case No. 18-02157 BLF (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility in Soledad where he was formerly incarcerated. After an initial screening, the Court dismissed the complaint with leave to amend for Plaintiff to attempt to allege sufficient facts to state a failure to protect claim under the Eighth Amendment. (Docket No. 13.) Plaintiff filed an amended complaint. (Docket No. 14, hereinafter "Am. Compl.")

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

The Court notes that the amended complaint is identical to the original complaint except for a single page declaration in support. (Am. Compl. at 3-3.) Plaintiff claims that on or about December 18, 2017, he complained to Defendants Creamer and Jackson about being sexually harassed by another inmate. (Am. Compl. at 3-1.) Plaintiff claims that he intended the complaint to be confidential, but that he later noticed Defendants sharing the confidential report with another staff. (*Id.* at 3-2.) In the following days, Plaintiff received threats from other inmates and became the object of bullying for several days until he was moved to another yard. (*Id.*) Plaintiff asserts that Defendants shared his sensitive information "with the rest of the staff" and "the rest of the inmate population." (*Id.*) Plaintiff claims that Defendants' failure to protect the sensitive information regarding the complaint of sexual harassment constitutes a violation of the Eighth Amendment because it resulted in a risk to his safety and caused him fear, suffering, and emotional distress. (*Id.*) Plaintiff asserts for the first time that the "Four Amendment" was violated because staff was acting under discrimination "against Plaintiff charges." (*Id.* at 3-3.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of

2

other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *Gillespie v. Civiletti*, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a pro se complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

First of all, allegations of verbal harassment and threats by prison guards fail to state a cognizable claim under § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). As such, it is highly unlikely that such non-physical abuse from other inmates would also implicate the Eighth Amendment such that Defendants had a duty to protect Plaintiff from such conduct. Plaintiff was advised that unless he can, in good faith, allege that the harassment was coupled with conduct that implicates the Eighth Amendment's proscription against cruel and unusual punishment, he fails to state a claim. (Docket No. 13 at 3.) Plaintiff has again made no allegation in the amended complaint that the alleged harassment was coupled with conduct implicating the Eighth Amendment.

Plaintiff has also again failed to allege sufficient facts showing that Defendants Creamer and Jackson acted with deliberate indifference to satisfy the second subjective element. His allegation that Defendants shared his confidential complaint with other

3

inmates is conclusory without any factual support. There are also no allegations that Defendants knew Plaintiff faced a substantial risk and disregarded it when they failed to safeguard the information, *see Farmer*, 511 U.S. at 837, or even facts sufficient to raise an inference that they knew, *see Hearns*, 413 F.3d at 1041-42. Having been granted one opportunity to amend, Plaintiff shall not be afforded another.

Plaintiff alleges for the first time that the "Four Amendment was violated; staff prison may acting under discrimination against Plaintiff charges [*sic*]." (Am. Compl. at 3-3.) Plaintiff wrote "Four Amendment," by which he could be referring to either the Fourth Amendment (unreasonable search and seizure) or the Fourteenth Amendment (due process and equal protection). Because he alleges discriminatory conduct, the only logical assumption is that he is attempting to allege an equal protection claim. However, this allegation is simply conclusory without any supporting facts, and no explanation as to how Defendants treated Plaintiff differently from other similarly situated defendants. The Court also finds that granting leave to amend would be futile because this equal protection claim was not administratively exhausted. The administrative grievance attached to his amended complaint mentions only the Eighth Amendment and makes no mention of any other grounds for relief. (Am. Compl., Ex. A.)

Based on the foregoing, the amended complaint is DISMISSED without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

///

///

///

4

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated: March 25, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.18\02157Bran_dism(ftsac)